E-FILED
Friday, 19 August, 2005  09:48:07 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JEFF ALEXANDER, et. al,
    Plaintiff,

vs.                                                                                          01-1427

MARK PIERSON, et al.,
    Defendants.

ORDER

This cause is before the court on the plaintiffs' motion to proceed in forma pauperis on appeal. [d/e 167]

Under 28 U.S.C. § 1915(a)(3), the court is required to determine if the plaintiffs' appeal is taken in good faith. "Good faith" within the meaning of § 1915(a)(3) is not about the plaintiffs' sincerity in requesting appellate review. Rather, an appeal taken in "good faith" is an appeal that, objectively considered, raises non-frivolous colorable issues. *See* Cruz v. Hauck, 404 U.S. 59, 62 (1971); *see also* Coppedge v. United States, 369 U.S. 438, 445 (1962).

On May 5, 2005, the court indicated that it doubted whether plaintiffs' appeal was taken in good faith, and directed the plaintiffs to submit a brief stating their grounds for appeal to assist the court in determining the issue. *see* Celske v. Edwards, 164 F.3d 396, 398 (7th Cir. 1999). On May 13, 2005, Plaintiff Ford asked for additional time to respond. The court granted the plaintiff's motion and the plaintiff has now filed a brief.

This case proceeded to trial on February 8, 2005. The three pro se plaintiff's claimed that defendants with the Illinois Department of Corrections violated their First Amendment rights and their rights pursuant to the Religious Land Use and Institutionalized Persons Act (Herein RLUIPA). Specifically, the plaintiffs alleged they were not allowed the two requested feasts in celebration of Eid Al Fitr and Eid Al Adha, and Plaintiff Alexander was not allowed to participate in the Eid Al Adha sermon. The jury returned a verdict in favor of the defendants on February 10, 2005.

The plaintiffs' state one basis for appeal: that the jury instructions on the Religious Land Use and Institutionalized Persons Act were not proper. The plaintiffs state that the court should have included a definition of "substantial burden" and explained "compelling governmental interest." (Plain. Memo, p. 3) The plaintiffs did submit alternative jury instructions at trial, but did not submit either of the instructions raised in their appeal. Instead, the plaintiffs claim that they objected that the RLUIPA instructions were too vague.

The Seventh Circuit has held that if a party does not tender a proposed instruction or

specifically object to a failure to give an instruction, that party has waived the issue for purposes of appeal. Schroder v. C.F. Braun & Co, 502 F.2d 235, 243 (7th Cir. 1974). *See also* Miller v. New York Cent. R.R.Co, 239 F.2d 10, 13 (7th Cir. 1956) (a party wishing for alternative instruction did not have issue on appeal if it did not either raise the alternative instruction or provide distinct grounds for objection to the instruction given.)  The plaintiff's did not indicate that they specifically wanted the instructions they now ask for on appeal.   Therefore, the court concludes that it cannot find a good faith basis for appeal.  Accordingly, the court denies plaintiff's motions for leave to proceed in forma pauperis and certifies, pursuant to 28 U.S.C. §1915(a)(3), that the appeals are not in good faith.

The Seventh Circuit has determined that if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal in forma pauperis, but must pay the appellate fees of $255 within 14 days.  *See* Newlin v. Helman, 123 F.3d 429, 434 (7th Cir. 1997). If the Plaintiffs wish to contest this Court's finding that the appeal is not taken in good faith, they must file a motion with the Court of Appeals seeking review of this Court's certification within 30 days after service of this order.  *See* Fed.R.App.P. 24(a).

IT IS THEREFORE ORDERED that plaintiffs' motion for leave to appeal in forma pauperis is denied. [d/e 167]   Plaintiffs are ordered to remit to the Clerk of the Court the $255 appellate fee within 14 days of the date of this order.  The plaintiffs are responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of them transmits the necessary funds.   The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison. Plaintiffs are under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days.   The clerk is directed to  submit a copy of this order to the United States Court of Appeals for the Seventh Circuit

Enter this 19th day of August, 2005.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE